*United States v. Barrett*

# In the

# United States Court of Appeals

# for the Second Circuit

————

AUGUST TERM 2023

No. 21-1379

UNITED STATES OF AMERICA,
*Appellee*,

v.

DWAYNE BARRETT, AKA SEALED DEFENDANT 3, AKA TALL MAN,
*Defendant-Appellant*,

FAHD HUSSAIN, AKA SEALED DEFENDANT 1, AKA ALI, AKA MOE,
JERMAINE DORE, AKA SEALED DEFENDANT 2, AKA ST. KITTS, AKA
BLAQS, TAIJAY TODD, AKA SEALED DEFENDANT 4, AKA BIGGS,
TAMESHWAR SINGH, AKA SEALED DEFENDANT 5, AKA JERRY, SHEA
DOUGLAS, DAMIAN CUNNINGHAM, AKA SEALED DEFENDANT 1, AKA
JABA,
*Defendants*.

————

On Appeal from the United States District Court
for the Southern District of New York

————

ARGUED: SEPTEMBER 11, 2023
DECIDED: APRIL 9, 2026

——————

Before: RAGGI, LOHIER, and CARNEY, *Circuit Judges*.

——————

On remand from the Supreme Court for resentencing consistent with *Barrett v. United States*, 146 S. Ct. 482 (2026), this court's opinion in *United States v. Barrett*, 102 F.4th 60 (2d Cir. 2024) is withdrawn in part and the challenged judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) is AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

————————

MATTHEW B. LARSEN, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

MICHAEL D. MAIMIN, Assistant United States Attorney (Hagan Scotten, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

————————

REENA RAGGI, *Circuit Judge*:

Defendant Dwayne Barrett has come before this court numerous times to challenge judgments of conviction entered in the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*) after a jury trial at which Barrett was found guilty of multiple counts of conspiratorial and substantive Hobbs Act robbery; the use of firearms during such robberies; and in one robbery, the murder of a robbery victim. *See* 18 U.S.C. §§ 924(c)(1)(A)(i), 924(j), 1951 and 2; *United States v. Barrett* ("*Barrett I*"), 903 F.3d 166 (2d Cir. 2018) & *United States v. Barrett*, 750 F. App'x

2

19 (2d Cir. 2018), *both vacated*, 139 S. Ct. 2774 (2019); *United States v. Barrett* ("*Barrett II*"), 937 F.3d 126 (2d Cir. 2019); *United States v. Barrett* ("*Barrett III*"), 102 F.4th 60 (2d Cir. 2024), *reversed in part and remanded*, 146 S. Ct. 482 (2026) ("*Barrett IV*"). We assume familiarity with these opinions and the underlying facts that they detail.

Barrett's case is again before this court on remand from the Supreme Court, which recently clarified that—notwithstanding its recognition in *Lora v. United States*, 599 U.S. 453 (2023), that a § 924(c) firearms crime is punishable under a different sentencing scheme than a § 924(j) murder committed in the course of a § 924(c) crime— "Congress has not authorized convictions under both 18 U.S.C. §§ 924(c)(1)(A)(i) and (j) for one act that violates both provisions." *Barrett IV*, 146 S. Ct. at 497. Insofar as this court concluded otherwise and ordered the district court to resentence Barrett on remand on *both* his § 924(c)(1)(A)(i) conviction and his § 924(j) conviction (Counts Six and Seven of the underlying indictment), *see Barrett III*, 102 F.4th at 88–96, the Supreme Court has now reversed that "part of the judgment" and "remanded for further proceedings," *Barrett IV*, 146 S. Ct. at 497. Heedful of that ruling, we now withdraw Part III.A.2.c. from our opinion in *Barrett III*, and we remand this case to the district court for resentencing consistent with the Supreme Court's decision.

Because the discussion in *Barrett IV* does not permit the district court on remand to sentence Barrett on, or to enter judgments of conviction for, both Counts Six and Seven, the district court should "exercise its discretion to vacate one of the convictions." *Ball v. United States*, 470 U.S. 856, 865 (1985). In doing so, it should give due weight to the government's view as to which count should be vacated,

mindful that (1) the government's charging discretion permits it to charge conduct under different statutory "provisions . . . even though the defendant could not in the end stand convicted of both offenses," *id.* at 860 n.8; *see Barrett IV*, 146 S. Ct. at 495 (citing *Ball*); (2) the government here carried its burden of proof on both counts; and (3) neither *Lora* nor *Barrett IV* had been decided when this case went to trial.

Barrett further urges us to withdraw from our *Barrett III* opinion Part III.B, which concludes that the aggregate 50-year sentence imposed in this case was substantively reasonable. *See Barrett III*, 102 F.4th at 96–97. We decline to do so. In remanding for resentencing in *Barrett IV*, the Supreme Court did not consider, much less reverse, this conclusion. Our denial of rehearing and rehearing *en banc* thus stands as to that portion of the opinion. *See* Order, *Barrett III*, No. 21-1379, Doc. 165 (2d Cir. July 19, 2024). Nevertheless, we do not foreclose Barrett from arguing on remand for resentencing that an aggregate 50-year sentence is unwarranted in light of the circumstances presented on remand, which may or may not differ from those evident at the time of the now-vacated sentence. *See generally United States v. Hertular*, 562 F.3d 433, 445–46 (2d Cir. 2009); 18 U.S.C. § 3553(a).

Finally, Barrett requests reassignment of this case to a different judge on remand. The request appears to be grounded in the mistaken assumption that Judge Sullivan participated in this court's July 19, 2024 decision to deny rehearing *en banc*. *See* Appellant's Mar. 17, 2026 Letter Br. at 6–8. As the court has recently clarified, Judge Sullivan did *not* participate in that vote. *See* Order, *Barrett III*, No. 21-

4

1379, Doc. 191 (2d Cir. Mar. 27, 2026). Therefore, Barrett's request for reassignment to a different judge is denied.

To conclude, the court hereby

(1) WITHDRAWS Part III.A.2.c. of our May 15, 2024 opinion, *see Barrett III*, 102 F.4th at 88–96;

(2) VACATES in part the May 15, 2024 judgment of this court insofar as it vacated the district court's May 21, 2021 amended judgment of conviction as to sentence and remanded with instructions to impose separate sentences on Count Six and Count Seven, *see id.* at 97–98;

(3) VACATES in part the district court's May 21, 2021 amended judgment of conviction only as to its sentence;

(4) REMANDS with instructions that the district court vacate the judgment of conviction as to either Count Six or Count Seven and resentence Barrett consistent with the Supreme Court's decisions in *Lora v. United States*, 599 U.S. 453 (2023), and *Barrett v. United States*, 146 S. Ct. 482 (2026); as well as this opinion; and, to the extent not modified by this opinion, the court's May 15, 2024 opinion, *see Barrett III*, 102 F.4th 60 (2d Cir. 2024);

(5) DENIES Barrett's request for reassignment to a different judge on remand; and

(6) AFFIRMS the district court's May 21, 2021 amended judgment in all other respects.